UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Lambright,                                              Case No. 3:21-cv-865

        Plaintiff,

     v.                                                       MEMORANDUM OPINION
                                                             AND ORDER

New Age Dome Construction, LLC, *et al.*,

        Defendants.

## I.    INTRODUCTION

Defendants New Age Dome Construction, LLC, and John Johnson, New Age's sole member filed a motion for leave to file a second motion for summary judgment, seeking to argue Plaintiff James Lambright lacks "valid Consumer Sales Protection Act actual damages claims." (Doc. No. 63 at 1). Lambright opposed the motion, (Doc. No. 64), and Defendants filed a brief in reply. (Doc. No. 65). For the reasons stated below, I deny the motion.

## II.    DISCUSSION

Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to file motions. Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

On October 31, 2023, I held a telephone status conference with counsel for the parties. After discussing the matter with counsel, I subsequently entered an order setting a dispositive motion deadline of January 19, 2024.  (Doc. No. 44).  The parties then filed cross motions for summary judgment on that date.  (Doc. Nos. 45, 46, 47, and 49).  I granted Defendant Daniel Johnson's motion for summary judgment on all Counts alleged against him, and I granted in part and denied in part New Age's motion, John Johnson's motion, and Lambright's motion.  (Doc. No. 54).

Defendants now assert they should be granted leave to file a second motion for summary judgment because Lambright "continues to use the 'x3' multiplier to set up an actual damages claim" under the Ohio Consumer Sales Protection Act.  (Doc. No. 65 at 2).  But they do not explain why they failed to raise this argument in their first summary judgment motions, much less demonstrate they acted with diligence in seeking to extend a deadline that passed nearly two years ago.  (*See* Doc. Nos. 45 and 46).

Indeed, Defendants' use of the word "continues" confirms there is no good cause to extend the dispositive motion deadline.  Lambright has sought to recover actual damages under the Ohio Consumer Sales Protection Act from the very beginning of this case.  (*See* Doc. No. 1 at 21) (requesting a judgment ordering Defendants to pay Lambright's "actual economic damages").  I conclude Defendants fail to show they should be permitted to file a second summary judgment motion.

### III. CONCLUSION

For the reasons stated above, I deny the motion of Defendants New Age Dome Construction, LLC, and John Johnson for leave to file a second motion for summary judgment. (Doc. No. 63).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge