UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Lambright,                                             Case No. 3:21-cv-865

          Plaintiff,

      v.                                                           MEMORANDUM OPINION
                                                       AND ORDER

New Age Dome Construction, LLC, *et al.*,

          Defendants.

## I.      INTRODUCTION

Defendants New Age Dome Construction, LLC, and John Johnson, New Age's sole member, object to the inclusion of a jury instruction regarding the Ohio Consumer Sales Practices Act ("CSPA") claim brought by Plaintiff James Lambright.  (Doc. No. 77).  Lambright opposed Defendants' objection and included his arguments in opposition in the parties' joint proposed jury instructions submitted to my chambers via email on January 26, 2026.  For the reasons stated below, I overrule Defendants' objection.

## II.      DISCUSSION

A proposed jury instruction must be "a correct statement of the law[.]"  *Williams v. Eau Claire Public Schs.*, 397 F.3d 441, 445 (6th Cir. 2005).  In diversity cases like this one, a federal court applies the substantive law as identified by the highest state court.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  "If the state's highest court has not yet addressed the issue presented, [courts] must predict how the [state] court would rule by looking to all available data, including decisions of the states' appellate courts."  *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 937 (6th Cir. 2014)

(citing *Allstate Ins. Co. v. Thrifty Rent–A–Car Sys., Inc.,* 249 F.3d 450, 454 (6th Cir. 2001) (further citations omitted) (alterations added)).

While I previously found Defendants liable for violating the CSPA on six occasions and granted summary judgment in Lambright's favor as to those violations, (Doc. No. 54 at 11-14), Defendants argue the CSPA does not in fact apply to the circumstances underlying this case. Defendants contend that a decision issued by the Ohio Ninth District Court of Appeals after I issued my summary judgment decision establishes that any statutory claim arising out of a contract for home repairs must be brought under the Ohio Home Construction Service Suppliers Act ("HCSSA"), and not pursuant to the CSPA. (Doc. No. 77 at 1) (citing *Orion Mgmt., Inc. v. Kaeka*, 269 N.E.3d 483 (Ohio Ct. App. 2025).

As I noted above, Lambright disagrees with Defendants' interpretation of Ohio law. I incorporate his arguments from the joint proposed jury instructions here:

> Ohio law supports that the CSPA, not the HCSSA, applies because this was merely repairs on an existing residence, and the General Assembly agreed as they later amended the law to change the definition of "construction services" to include repairs etc. far after the facts in this case, and such was not retroactive. Ohio laws can only be applied retroactively where (1) there is express legislative intent that it be applied retroactive, and (2) it does not affect substantive rights. *State ex rel. Romans v. Elder Beerman Stores Corp.*, 100 Ohio St.3d 165, 2003-Ohio-5363, 797 N.E.2d 82, ¶¶ 11-14. Here, not only is there no such express legislative intent in the amendment, but also such retroactive application would impose new burdens, obligations, and liabilities on a past transaction that occurred years ago (since the HCSSA requirements are profoundly different than the CSPA requirements), and also it would eliminate accrued substantive rights of consumers under the CSPA, including . . . accrued rights to treble and statutory damages. *Id.*; R.C. 1345.09(B); Compare OAC 109:4-3-01 *et seq.* with R.C. 4722.01 *et seq.* The HCSSA and CSPA have contradictory contract language requirements on excess costs and estimate rights, for example. [Defendants] failed to argue (because they cannot) that the amendment was expressly retroactive. It is impossible to apply this amendment retroactively, because compliance with either the HCSSA or CSPA had to occur at the time of the transaction—how could a law retroactively change which law applied at the time, and how would that be fair to the contracting parties that used the disclosures and requirements of one law instead of the other?
>
> The *Orion* decision is simply wrong. It contradicts the three other appellate decisions that came before it, including one decision written by John Eklund, who was one of

the co-sponsors of the original HCSSA and uniquely informed and knowledgeable as to the legislature's enactment and intent at the time, but it is based on flawed logic and ignoring other district precedents and decisions. *Beder v. Cerha Kitchen and Bath Design Studio, LLC*, 2022-Ohio-4463, ¶ 7-18 (11th Dist.) (written by John Eklund, co-sponsor of the 2012 HCSSA); *Estate of Tomlinson v. Mega Pool Warehouse, Inc.*, 2023-Ohio-229, ¶ 17-27 (5th Dist.), *rev'd on other grounds*, 174 Ohio St. 3d 512, 2024-Ohio-1065, 237 N.E.3d 212 (but with an appeal on the HCSSA-CSPA issue not allowed by the Supreme Court of Ohio in 170 Ohio St. 3d 1428, 2023-Ohio-1665, 209 N.E.3d 713 (May 23, 2023); *A1 Heating and Cooling, Inc. v. Thomas*, 2024-Ohio-109, ¶ 55-57 (5th Dist.). John Eklund can speak authoritatively, and did speak authoritatively in *Beder*, as to what the legislature said and intended as to the 2012 HCSSA. He would know, as a co-sponsor of that legislation. The Supreme Court of Ohio had the opportunity to adopt the Orion court's position[] but refused to accept the appeal of that issue in *Estate of Tomlinson*. All of these facts cut against the legitimacy of *Orion* and cause its reasoning to be questioned.

The Supreme Court of Ohio has not expressly ruled on the issue in dispute here, though, as Lambright notes, the Supreme Court of Ohio in *Tomlinson* declined to accept jurisdiction of the defendant's appeal of the appellate court's ruling that the CSPA, and not the HCSSA, applied to remodeling contracts.

I do not believe the court's decision in *Beder* is entitled to special deference merely because the decision was authorized by Judge Eklund. But I find the *Beder* court's reasoning persuasive. That court noted that, at the time the HCSSA was passed by the Ohio legislature, there was a Supreme Court of Ohio decision which defined "'construction' as "'[t]he *creation of something new*, as distinguished from the repair or improvement of something already existing.'"" *Beder v. Cerha Kitchen & Bath Design Studio, LLC*, 2022-Ohio-4463, 2022 WL 17578912, at *2 (Ohio Ct. App. Dec. 12, 2022) (quoting *State ex rel. Celebrezze v. Nat'l Lime & Stone Co.*, 627 N.E.2d 538, 542 (1994)) (further quoting *Black's Law Dictionary* 312 (6th Ed. 1990)) (emphasis and alteration by *State ex rel Celebrezze*). Observing that "'[t]he Legislature is presumed to know the decisions of [the Supreme Court of Ohio]'" and the meaning of "'words or phrases that have been defined or construed by'" that court, the *Beder* court concluded it "must presume that the legislature intended the term 'construction' to have the meaning set forth in *Celebrezze*." *Beder*, 2022 WL 17578912, at *3.

3

The *Orion* court disagreed with the *Beder* court's conclusion, contending the Supreme Court of Ohio's "decision to apply the more limited definition of 'construction' stemmed from (1) its interpretation of other words used in the administrative code section at issue, (2) the reasonableness of that interpretation, and (3) the 'considerable deference' it had to afford the Ohio Environmental Protection Agency's interpretation of its own rules." *Orion*, 269 N.E.3d at 493 (quoting *State ex rel. Celebrezze*, 627 N.E.2d at 542). That court declined to adopt the definition of "construction" as it was construed in *State ex rel. Celebrezze*, which relied on a since-revised Black's Law Dictionary definition, concluding the Supreme Court of Ohio did not "intend[] to supply a singular definition to the term 'construction' for all future cases," rejected that definition as "obsolete," and held that the contemporaneous meaning of "construction" was one that encompassed both new construction and remodeling. *Orion*, 269 N.E.3d at 493. I do not find this analysis persuasive for two reasons.

The first reason is that the *Orion* court's description of the Supreme Court of Ohio's path to adopting its definition of "construction" is inaccurate. The Supreme Court of Ohio's application of its adopted definition did not "stem[] from" the matters the *Orion* court highlighted. *Id.* Rather, the Supreme Court of Ohio first adopted its definition of "construction" and proceeded forward from there.

In *State ex rel. Celebrezze*, the Supreme Court of Ohio construed an Ohio Administrative Code provision regulating the "'installation' of an air contaminant source." *State ex rel. Celebrezze*, 627 N.E.2d at 541. The Ohio Administrative Code defined the term "'install'" to mean "to construct, erect, locate or affix any air contaminant source." *Id.* at 542 (quoting Ohio Admin. Code § 3745-31-01). The Supreme Court of Ohio, observing that "'[t]he uniform conclusion is that "construction" imports the creation of something new and original that did not exist before,'" held that "installation" therefore referred to a new source of air contaminants and not the modification of an existing source. *State ex rel. Celebrezze*, 627 N.E.2d at 542 (quoting *United States v. Narragansett*

4

*Improvement Co.*, 571 F. Supp. 688, 693 (D.R.I. 1983)) (further citations in *Narragansett* omitted by *State ex rel. Celebrezze*). Thus, the Supreme Court of Ohio did not "apply the more limited definition of 'construction,'" *Orion*, 269 N.E.3d at 493, it adopted a definition supported by "the unanimity of Courts' interpretation of the term." *Narragansett*, 571 F. Supp. at 693.

It is true, as the *Orion* court noted, that the Supreme Court of Ohio reached its conclusion while "conscious of the long-accepted principle that considerable deference should be accorded to an agency's interpretation of rules the agency is required to administer." *State ex rel. Celebrezze*, 627 N.E.2d at 542 (citations omitted). But the *Orion* court incorrectly implies that the principle of deference led to the Supreme Court of Ohio's adoption of the definition of "construction" it chose. To the contrary – the Supreme Court of Ohio held that the agency's attempt to interpret "installation" as including remodeling or replacement was "*unreasonable.*" *State ex rel. Celebrezze*, 627 N.E.2d at 542 (emphasis added). Stated otherwise, the Supreme Court of Ohio adopted its definition of "construction" even after offering substantial deference to the agency's more expansive definition.

The second reason I find the *Orion* court's decision unpersuasive stems from its discussion of a 2024 amendment to the HCSSA, which changed the definition of a "home construction service" from "the construction of a residential building" to "the construction of a residential building, including the creation of a new structure and the repair, improvement, remodel, or renovation of an existing structure." *Orion*, 268 N.E.3d at 492, 494 (citations and internal quotation marks omitted). The majority of the panel in *Orion*, believed "th[is] amendment eliminates any doubt as to whether the legislature intended the [HCSSA] to apply only to new construction." *Id.* at 494.

But the 2024 amendment to the HCSSA was not written on a clean slate. As the dissenting judge in *Orion* observed, "the recent change to [the HCSSA]

to clearly include remodeling within the definition of home construction service was made in order to alter the existing law, not to more clearly set forth the legislature's original intent; this is so, because prior to the change, all appellate courts which had addressed the issue had concluded that home construction service did not include remodeling. Thus, prior to the change, the existing law was that home construction service did not include remodeling and thus remodels fell within the CSPA.

*Id.* at 508 (Carr, J., concurring in part and dissenting in part) (citation omitted).

I conclude that if the Supreme Court of Ohio had considered this issue in a case predating the 2024 amendment to the HCSSA, that court would have adopted the interpretation of the term "construction" applied by the Fifth and Eleventh District Courts of Appeal in *Beder*, *Tomlinson*, and *A1 Heating and Cooling*. Therefore, I overrule Defendants' objection.

### III.    CONCLUSION

For the reasons stated above, I overrule the objection of Defendants New Age Dome Construction, LLC, and John Johnson to the inclusion of the Ohio Consumer Sales Protection Act jury instruction.  (Doc. No. 77).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge